**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAQUELINE D. WALLER, ) | |
| ) | CASE NO.   1:12-cv-00798 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JAMES S. GWIN |
| ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | **REPORT & RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Plaintiff Jaqueline D. Waller ("Waller") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying her claim for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the Commissioner be VACATED and the case REMANDED.

**I. Procedural History**

On August 23, 2007, Waller filed an application for POD and DIB alleging a disability onset date of April 20, 2007.  Her application was denied both initially and upon reconsideration.

On September 20, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Waller, represented by counsel, and an impartial vocational expert ("VE") testified.  On October 1, 2010, the ALJ found Waller was able to perform a significant number of jobs in the national economy and, therefore, was not disabled.  The ALJ's decision became the final

decision of the Commissioner when the Appeals Council denied further review.

## II. Evidence

*Personal and Vocational Evidence*

Age forty-seven at the time of her administrative hearing, Waller is a "younger" person under social security regulations. *See* 20 C.F.R. § 404.1563(c). (Tr. 30.) Waller has a limited education and past relevant work as a service worker/cleaner. (Tr. 29-30.)

## III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

A claimant is entitled to a POD only if: (1) she had a disability; (2) she was insured when she became disabled; and (3) she filed while she was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Waller was insured on her alleged disability onset date, April 20, 2007, and remained insured through the date of the ALJ's decision. (Tr. 20.) Therefore, in order to be entitled to POD and DIB, Waller must establish a continuous twelve month period of disability commencing between these dates. Any discontinuity in the twelve month period precludes an

---

[1] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d 191, 195 (6th Cir. 1967).

### IV. Summary of Commissioner's Decision

The ALJ found Waller established a medically determinable, severe impairments, due to "fibromyalgia, depressive disorder, syncope, migraine headaches, hypertension, and degenerative disc disease." (Tr. 20.) However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* Waller was found capable of performing her past relevant work, and was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work. (Tr. 21, 29.) The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Waller was not disabled.

### V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270,

273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

## VI. Analysis

### *Step Three Analysis*

In her first assignment of error, Waller argues that the ALJ summarily concluded that her *physical* impairments did not meet or equal any of the listings, and that the ALJ's decision was bereft of any meaningful analysis of the issue.[2] (ECF No. 16 at 12-15.)

At step three, the burden of proof for establishing that an impairment meets or equals the requirements of a listing rests with the claimant. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet a listed impairment, a claimant must satisfy all of the criteria in the listing. *See Roby v. Comm'r of Soc. Sec.*, 48 Fed. Appx. 532, 536 (6th Cir. 2002) (*citing Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)).

Here, the ALJ found that Waller "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 20.) The ALJ's discussion specifically addresses details as to whether Waller's mental impairments satisfied listing 12.04 (affective disorders), but there is no

---

[2] Waller concedes that the ALJ discussed her *mental* impairments and explained why he did not believe they met or equaled any listings. (ECF No. 16 at 12-13.)

4

discussion supporting the finding that the physical impairments did not meet or equal a listing.  (Tr. 20-21.)

Tellingly, the Commissioner does not argue that the ALJ adequately explained his Step Three determination as it relates to Waller's physical impairments.  (ECF No. 17 at 13-17.)  Instead, the Commissioner asserts that Waller has failed to identify any evidence that would support a finding that she met Listing 1.04(A) or 4.05.  *Id*. at 13.  The Commissioner proceeds to analyze the listing requirements, compares the requirements to Waller's medical records, and asserts that the evidence fails to demonstrate that the listings were satisfied.  *Id*. at 13-14.  "Sixth Circuit case law does not require a heightened articulation standard at step three of the sequential evaluation process."  *See Marok v. Astrue,* 2010 WL 2294056, *3 (N.D. Ohio, Jun. 3, 2010) (*quoting Bledsoe v. Barnhart*, No. 04-4531, 165 Fed. App'x 408, 411 (6th Cir. Jan.31, 2006)) (*citing Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986)).  Nonetheless, the regulations state that an ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a "listed impairment." 20 C.F.R. §§ 404.1526, 416.926.  In order to conduct a meaningful review, the ALJ's written decision must make sufficiently clear the reasons for his decision.  *Marok*, 2010 WL 2294056 at *3; *accord Eiland v. Astrue*, 2012 WL 359677 (N.D. Ohio Feb. 2, 2012); *Grohoske v. Comm'r of Soc. Sec.*, 2012 WL 2931400 (N.D. Ohio July 18, 2012).

Here, the ALJ failed to make clear the reasons for his Step Three finding.  The Commissioner's argument contains the sort of analysis that is glaringly absent from the actual opinion.  However, the Commissioner cannot cure a deficient opinion, as "arguments [crafted by defense counsel] are of no consequence, as it is the opinion given by an administrative agency rather than counsel's 'post hoc rationale' that is under the Court's consideration."  *See, e.g., Bable v. Astrue*, 2007 U.S. Dist. LEXIS 83635, 27–28 (N.D. Ohio, Oct. 31, 2007) (*citing NLRB v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 715, n. 1, 121 S.Ct. 1861, 149 L.Ed.2d 939, (2001)); *cf. Johnson v. Sec'y of Health & Human Servs*., 794 F.2d 1106, 1113 (6th Cir. 1986) (rejecting Defendant's post hoc rationale that obesity is per se remediable where there was no factual basis or findings of fact in the record to support such an argument).  The facts of this case are

strikingly similar to a matter recently addressed by a Northern District of Ohio court.

> At step three of the five-step evaluation process . . . [t]he ALJ stated, with respect to Plaintiff's degenerative disc disease, only that "Mr. Hunter's degenerative disc disease does not meet or equal listing 1.04. There is no evidence of a compromised nerve root, atrophy, spinal arachnoiditis, or stenosis manifesting symptoms required by the listing." (Tr. 16.) He did not discuss the record evidence concerning Plaintiff's severe impairment—his degenerative disc disease—in relation to the criteria for meeting the Listed Impairment or medical equivalency. The ALJ also concluded that Plaintiff's mental impairments, "considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, or 12.08." (Tr. 16.) In so holding, the ALJ considered record evidence and evaluated whether the requisite medical criteria were satisfied. (Tr. 16.)
>
> ***
>
> Plaintiff objects to [the Magistrate Judge's] application of *Bledsoe*, and argues that the facts of that case "are significantly different." (Pl.'s Obj.'s at 2-3.) This court agrees, and accordingly declines to adopt [the Magistrate Judge's] conclusion. In *Bledsoe*, the ALJ did not "spell[] out every consideration that went into the step three determination;" however, the ALJ "described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings." 165 Fed. App'x at 411 (emphasis added). Under these facts, the court declined to require "a heightened articulation standard" and held that the ALJ did not err in failing to articulate, at length, the analysis of the medical equivalency issue. *Id*.
>
> In this case, by contrast, the record reflects that the ALJ failed to evaluate the medical evidence and compare it to the requirements for the listed impairment. In this regard, the instant case is analogous to *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411 (6th Cir. 2011), wherein the Sixth Circuit held that the ALJ erred in "failing to analyze Reynolds' physical condition in relation to the Listed Impairments." *Id*. at 416. Notably, in that case, the ALJ also began his step-three determination with a conclusory statement concerning the applicant's back impairment, but proceeded with a "thorough analysis" and a "full-page assessment of Reynolds' mental impairment." *Id*. at 415. There, the court held that the ALJ's error in failing to evaluate evidence of the applicant's back impairment was not harmless because "the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Id*. at 416 (citing 20 C.F.R. § 404.1520(a)(4)(iii)). The court explained that the ALJ "needed to actually evaluate the evidence, compare it to . . . the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review." *Id*.
>
> While the Defendant's Response contains some discussion of the record evidence of Plaintiff's back impairment, including evidence showing only "mild degenerative changes in the lumbar spine" . . . this court cannot engage in post-hoc rationalizations. *See S.E.C. v. Chenery*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947) (a reviewing court must judge propriety of agency action "solely by the grounds invoked by the agency"). Because the ALJ failed to conduct a meaningful review of the record evidence of Plaintiff's severe back impairment in relation to the relevant Listed Impairment, the court . . . remands for a more thorough step three determination. *See, e.g., May v. Astrue*, No. 4:10-CV-1533, 2011 U.S. Dist. LEXIS 88551, 2011 WL 3490186, *9 (N.D. Ohio June 1, 2011) (remanding where ALJ provided conclusory evaluation of

> claimant's physical impairment yet thoroughly analyzed the mental impairment); *Marok v. Astrue*, No. 5:08-CV-1832, 2010 U.S. Dist. LEXIS 54504, 2010 WL 2294056, *5 (N.D. Ohio June 3, 2010) (distinguishing *Bledsoe* and noting that though "ALJ's written decision states that he considered 'all symptoms' and 'opinion evidence' . . . he does not describe that evidence or his findings relative to it, making the ALJ's written decision ambiguous or otherwise incomplete").

*Hunter v. Astrue*, 2011 U.S. Dist. LEXIS 148585 at **7-12 (N.D. Ohio, Dec. 19, 2011)

Herein, the ALJ's articulation of Waller's physical impairments is less than the level that was found insufficient in *Hunter*. The Court finds this opinion persuasive and consistent with the law of this Circuit. In another recent decision within this circuit, a district court remand was necessary where the administrative decision made no mention of the applicable listings and did not explain why the plaintiff's condition failed to meet the listings. *See Smith v. Comm'r of Soc. Sec.*, 2012 WL 4897364 at *7 (E.D. Mich. Sept. 14, 2012), report and recommendation adopted sub nom. *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4900424 (E.D. Mich. Oct. 16, 2012). The *Smith* decision explained that "[w]hile the ALJ accurately summarized the existing medical records, the administrative opinion does not contain any discussion that would allow the reviewing Court to conclude that the evidence was insufficient to show disability at Step Three. *Id*.

The Commissioner argues that any error is harmless in that Waller did not point to evidence supporting a finding regarding the physical impairments, and further asserts that Waller did not raise such an argument at the hearing. (ECF No. 17 at 13-17.) "Social security proceedings, unlike judicial ones, are inquisitorial, not adversarial." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010) (*citing Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (plurality). In addition, "SSA regulations do not require issue exhaustion." *Sims v. Apfel*, 530 U.S. 103, 108 (2000); *accord Fury v. Comm'r of Soc. Sec.*, 5:11-cv-1660, 2012 WL 4475661 at *2 (N.D. Ohio Sept. 26, 2012). Consequently, the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Id*. (internal citations omitted). The ALJ found that Waller suffered from no less than five separate "severe" physical impairments, yet there is no discussion whatsoever whether these physical impairments, either singularly or in combination, met or equaled the listings.

The ALJ's opinion deprives this Court of any ability to conduct a meaningful review as to whether the regulations were followed. The Court cannot discern the reasons for the ALJ's decision. Therefore, it is recommended that this matter be remanded.

### *RFC Finding*

Waller also argues that the ALJ erred at Steps Four and Five by formulating an RFC that did not accommodate the limitations the ALJ found at Step Three. (ECF No. 16 at 16-18.)

An RFC determination is an indication of an individual's work-related abilities despite their limitations. *See* 20 C.F.R. § 416.945(a). A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner. *See* 20 C.F.R. § 416.945(e). As such, the ALJ bears the responsibility for assessing a claimant's RFC, based on *all* of the relevant evidence. *See* 20 C.F.R. § 416.945(a) (emphasis added). "Judicial review of the Commissioner's final administrative decision does not encompass re-weighing the evidence." *Carter v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 40828 at \*\*21-22 (W.D. Mich. Mar. 26, 2012) (*citing Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472 (6th Cir. 1982)); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011); *Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 807 (6th Cir. 2008)).

Specifically, Waller asserts that the RFC, which limited him to simple, routine, repetitive tasks that can be learned in thirty days was insufficient to accommodate his "moderate limitations with maintaining concentration, persistence, or pace." (Tr. 26.) Waller relies on the Sixth Circuit's decision in *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), to support her argument. *Id*. Conversely, the Commissioner argues that the facts are distinguishable because Ealy, unlike Waller, was ascribed specific speed and pace-based limitations. (ECF No. 17 at 18-20.) The Court finds that a remand is necessary due to the ALJ's failure to discuss his Step Three finding in a manner sufficiently specific to allow this Court to conduct a meaningful review. Therefore, the Court declines to address Waller's Step Four and Five argument. Nonetheless, upon remand, if the ALJ finds that speed and pace-based functional

limitations are present, the RFC should accurately account for them.[3]

### VII.  Decision

For the foregoing reasons, the decision of the Commissioner should be VACATED and the case REMANDED, pursuant to 42 U.S.C. § 405(g) sentence four for further proceedings consistent with this Report and Recommendation.

s/ Greg White
United States Magistrate Judge

Date: December 7, 2012

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[3] It is unclear whether the ALJ found that Waller had speed-based limitations.  At one point, he observed that Waller "exhibited moderate difficulties in concentration, persistence, *and* pace," while stating two paragraphs later that she had "moderate limitations with maintaining concentration, persistence, *or* pace ..." (emphasis added).  Upon remand, the ALJ should clarify this finding.