UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JAQUELINE D. WALLER,                :
                                    :    CASE NO. 1:12-CV-798
         Plaintiff,                 :
                                    :
vs.                                 :    OPINION & ORDER
                                    :    [Resolving Doc. No. 22]
CAROLYN W. COLVIN,                  :
Acting Commissioner of Social Security, :
                                    :
         Defendant.                 :
                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Jaqueline D. Waller seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA").[1] The Commissioner does not dispute her entitlement to fees, the reasonableness of the hours billed on her case, or the hourly billing rates used in calculating in her fee application. Because the Commissioner does not oppose the motion, the Court **GRANTS** the Plaintiff's application, **AWARDS** Plaintiff the $3,362.10 she requests, and **ORDERS** payment consistent with this opinion.

    On April 2, 2012, Plaintiff Waller filed a complaint seeking review of the Defendant Commissioner of Social Security's decision to deny her application for disability benefits under the

---

[1] 28 U.S.C. § 2412.

-1-

Case No. 1:12-CV-0798
Gwin, J.

Social Security Act, 42 U.S.C. § 405(g).[2] On December 7, 2012, Magistrate Judge White issued a Report and Recommendation recommending that this Court vacate the Commissioner's decision and remand this case for further proceedings.[3] On January 3, 2013, the Court adopted Magistrate Judge White's Report and Recommendation, vacated the Commissioner's decision, and remanded this case for further proceedings.[4]

On April 1, 2013, the Plaintiff filed this application for attorney fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[5]

She seeks an award of attorney fees at the rate of $177.85 per hour for compensable hours billed in 2012, and $178.18 per hour for hours billed in 2013.[6] She basis these rates on the Consumer Price Index for Urban Consumers.[7]

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust.[8] A Social

---

[2] [Doc. 1.]

[3] [Doc. 18.]

[4] [Doc. 20.]

[5] 28 U.S.C. § 2412(d)(1)(A).

[6] [Doc. 22 at 6.]

[7] [Doc. 22 at 5-6.]

[8] 28 U.S.C. § 2412(d)(1)(A).

Case No. 1:12-CV-0798
Gwin, J.

Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.[9]

The EAJA does, however, provides a presumptive $125.00 statutory cap on the hourly billing rates that a prevailing party may be reimbursed.[10] A prevailing party may seek fees in excess of the presumptive statutory cap, but "bears the burden of producing appropriate evidence to support the requested increase."[11] Generally, the Sixth Circuit does not treat Consumer Price Index-based fee increases "as perfunctory or . . . mandatory" but "leaves the matter to the sound discretion of the district court."[12] And, typically, evidence from the Consumer Price Index is "not enough" to justify an increase in fees.[13]

Nonetheless, in this case, the Commissioner has no objection to the fees requested by Plaintiff.[14] The Commissioner notes only that any fees awarded to Plaintiff must be paid directly to her, and not her attorney, and may be applied to satisfy any pre-existing debt Plaintiff may owe the United States.[15] The Court agrees.[16]

---

[9] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

[10] 28 U.S.C. § 2412(d)(2)(A).

[11] *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

[12] *Begley v. Sec'y of Soc. Sec.*, 966 F.2d 196, 200 (6th Cir. 1992).

[13] *Bryant*, 578 F.3d at 450; *see also Darabed v. Astrue*, No. 1:10-cv-2626, ECF Doc. No. 26 (N.D. Ohio May 30, 2012) (denying increased-rate fee award); *Williams v. Astrue*, No. 3:10-cv-02354, ECF Doc. No. 25, at 5 (N.D. Ohio May 23, 2012) (same).

[14] [Doc. 23 at 1.]

[15] [Doc. 23 at 1.]

[16] *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States.").

Case No. 1:12-CV-0798
Gwin, J.

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion for attorney fees, **AWARDS** attorney fees of $3,362.10 to the Plaintiff, and **ORDERS** payment consistent with this order.

IT IS SO ORDERED.


Dated: April 19, 2013            s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE